UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
DOUGLAS WILLIAM HYSELL,           )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    Civil Action No. 12-0426 (RWR)
                                  )
INTERNAL REVENUE SERVICE,         )
                                  )
            Defendant.            )
_____ )

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's motion to dismiss in part and for summary judgment [Dkt. #11]. For the reasons discussed below, the motion will be denied without prejudice.

I. BACKGROUND

It appears that plaintiff considers his name, Douglas William Hysell, a copyrighted trade name. *See* Compl. at 1. Generally, he challenges the alleged use by the Internal Revenue Service ("IRS") of his name and Social Security number without his permission. *See id.* at 3.

Plaintiff brings this action against the IRS under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. The IRS has not released any documents responsive to plaintiff's five FOIA requests, *see* Comp. at 2-3, and plaintiff "ask[s] that [t]his Court order the I.R.S. to produce" the requested records, *id.* at 3. Defendant moves for summary judgment, arguing that "the material undisputed facts show that the IRS performed an adequate search of its records in response to Plaintiff's various requests for records, when such requests were perfected," and that

1

it has "released all of the records it collected after using its best efforts to locate responsive records in connection with his various FOIA[] requests." Def.'s Mem. of P. & A. in Supp. of its Mot. to Dismiss In Part and for Summ. J. ("Def.'s Mem.") at 7.

## II.  DISCUSSION

Upon receipt of a request under the FOIA, an agency generally must search its records for responsive documents. *See* 5 U.S.C. § 552(a)(3)(A). "The adequacy of an agency's search is measured by a standard of reasonableness and is dependent upon the circumstances of the case." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation marks and citations omitted). An agency "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514 (D.C. Cir. 2011) (citations and internal quotation marks omitted). A search need not be exhaustive. *See Miller v. U.S. Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1995). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).

Plaintiff's FOIA requests are lengthy and rather complex. His first request, for example, is seven pages long and lists dozens of items of interest. *See generally* Def.'s Mem., Spiry Decl., Ex. A. The IRS submits six declarations in support of its motion, and the Court finds each to be replete with acronyms and sorely lacking in clarity as to the agency's interpretation of and responsivenesss to the FOIA requests. Furthermore, the declarations fail to put forth a cogent explanation of the IRS's recordkeeping systems or practices, leaving the Court to divine the

agency's rationale for searching particular systems of records, using particular command codes, or appearing to ignore certain of the items listed in plaintiff's FOIA request.

For example, insofar as plaintiff sought information maintained by the IRS about himself, IRS staff searched the Individual Master File ("IMF") system. *See* Def.'s Mem., Spiry Decl. ¶ 5. A search for plaintiff's IMF appears to be responsive to plaintiff's requests for "copies of [his] permanent administrative file, identified as IRS/IMF System of Record 24.030." *Id.*, Ex. A (FOIA request at 2 ¶ 11). The declaration is silent as to the contents of an IMF, the significance of retrieving the IMF, or whether information in the IMF is responsive to any other item listed in plaintiff's FOIA request. In another example, in response to plaintiff's request for documents in his Wage and Information Returns Processing File, the IRS "entered the IRPTR command code and Plaintiff's [social security number] into IDRS to search the Information Returns Master File," Spiry Decl. ¶ 8, without explaining the meaning and purpose of the IRPTR command code. A third example pertains to plaintiff's request for "disclosure records," where the agency searched its FOIA inventory management system, *id.* ¶ 11, without explaining its reason for searching FOIA records.

The Court grants summary judgment if the movant shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Summary judgment is available to a defendant in a FOIA case if the agency proves that it has fully discharged its obligations under the FOIA." *Greenberg v. U.S. Dep't of the Treasury*, 10 F. Supp. 2d 3, 11 (D.D.C. 1998) (citations omitted). In this case, the IRS' supporting declarations do not establish compliance with the agency's obligations under the FOIA. Where, as here, the declarations "leave[] substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss In Part and for Summary Judgment [Dkt. #11] is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that defendant shall file a renewed motion for summary judgment not later than March 27, 2013; plaintiff shall file his opposition or other response to the motion not later than April 24, 2013, and defendants shall file a reply not later than May 8, 2013.

Signed this 4th day of March, 2013.

/s/
RICHARD W. ROBERTS
United States District Judge