UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DOUGLAS WILLIAM HYSELL,             )
                                    )
                Plaintiff,          )
                                    )
        v.                          )   Civil Action No. 12-0426 (RWR)
                                    )
INTERNAL REVENUE SERVICE,           )
                                    )
                Defendant.          )
_____ )

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Renewed Motion for Summary Judgment [ECF No. 24]. For the reasons discussed below, the motion will be granted.

I. BACKGROUND

A. Douglas-William:Hysell and DOUGLAS WILLIAM HYSELL©

Plaintiff identifies himself as "Douglas-William of the Hysell Family, [A.K.A. Hysell, Douglas William and Douglas-William:Hysell]," who "is a real Natural Man upon the soil of the California Republic." Compl. at 1. He "is the Secured Party/Creditor and Holder-In-Due-Course of the Title to the Artificial Being/Entity, Ens Legis: DOUGLAS WILLIAM HYSELL®, and the only one with a valid claim, and registered priority security interest and priority lien, on DOUGLAS WILLIAM HYSELL®, ENS LEGIS." *Id.* According to plaintiff, "DOUGLAS WILLIAM HYSELL© . . . is separate and distinct from Douglas-William:Hysell, the natural, sentient, real flesh-and-blood human being/Man." Opp'n to Def.'s Renewed Mot. for Summ. J.

1

[ECF No. 25] ("Pl.'s Opp'n") at 1; *see id.* at 3 (describing DOUGLASS WILIAM HYSELL as "a straw man, or dummy corporation created by the government . . . without the knowledge or intent of . . . Douglas-William Hysell").[1]

Plaintiff alleges that the Internal Revenue Service ("IRS") possesses "documents that contain information on DOUGLAS WILLIAM HYSELL®, EN LEGIS, with the Social Security Number [redacted]," Compl. at 3, and has not released them, *see generally id.* at 1-2, in response to any of his five requests, *see generally id.* at 2-3. He brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, and now demands release of all the records he requested, *see* Compl. at 3.

### B. The Master File and Non-Master File

To understand the handling of plaintiff's FOIA requests, it is helpful first to review defendant's descriptions of the relevant IRS systems of records. "The Master File is the IRS's official repository of taxpayer data" maintained on computers and microfilm. Def.'s Mem. of P. & A. in Supp. of its Renewed Mot. for Summ. J. [ECF No. 24] ("Def.'s Mem."), Second Decl. of Mark G. Spiry ("Second Spiry Decl.") ¶ 7. Its Non-Master File ("NMF") maintains "taxpayer accounts that the other master files cannot process." Second Spiry Decl. ¶ 16. "For example, the IRS uses the [NMF] when a taxpayer's account has too many transactions or dollar amounts that are too large for the other master files to handle." *Id.*

---

[1] Plaintiff posits that "files were created with the IRS in 1960 when Plaintiff was born and the birth documents along with the SS-5 form filled out by plaintiff's Mother were used to create the artificial entity" known as DOUGLAS WILLIAM HYSELL. Pl.'s Opp'n at 4. "DOUGLAS W. HYSELL is registered as a taxpayer with a Taxpayer Identification Number, which happens to be the entity's Social Security Number." *Id.*

When the IRS "receives a return from a taxpayer, makes a tax assessment, receives a payment, makes a refund, or takes other actions related to a taxpayer," data is entered into the Master File and "is stored in a record referred to as an 'account' or a 'tax module,'" depending on the action taken. *Id*. ¶ 7.

Within the Master File "are repositories for specific types of taxpayers," such as the Individual Master File ("IMF") for "individual account and return data," and the Business Master File ("BMF") for corporations and other non-individual taxpayer data. *Id.* ¶ 8. The Master File also contains other databases, including the Audit Information Management System ("AIMS") for "records related to taxpayer examinations or audits." *Id.* ¶ 9.

One retrieves information from the Master File through "the IRS's Integrated Data Retrieval System (IDRS)," a computer system developed in the 1970s, "by entering a 'command code' into IDRS with a taxpayer identification number," such as a Social Security Number ("SSN") or an Employer Identification Number ("EIN"). *Id.* ¶ 10. A command code is five or six letters in length, *id.* ¶ 11, and it may be an acronym or abbreviation "that roughly describe[s] the output information." *Id.* ¶ 14. "For example, the IMFOL command code stands for Individual Master File On-Line," and when it is used in conjunction with a SSN, "the system returns basic taxpayer identifying information and account information from the [IMF] for that individual." *Id.* A command code determines which database IDRS searches and the data IDRS retrieves. *Id.* ¶ 11. Search results appear "in a computer-created record referred to as a 'transcript'" viewable either on a computer screen or in hard copy form. *Id.* A transcript is a coded document, that is, "a collection of fields that are populated with data about the taxpayer" that the user deciphers by "consult[ing] a guide that tells . . . what the codes stand for and what information is in each field." *Id.*

3

"Depending on the command code entered into IDRS, [the user] can retrieve data from the Master File, which includes data from the Individual Master File, the Business Master File, [and] the Audit Information Management System," among other databases. *Id.* ¶ 12. Also accessible via IDRS are Wage and Information Returns Processing ("IRP"), Pay Master, and Taxpayer Information Files ("TIF"). IRP "contain[s] data from 'information returns,'" which are returns provided to the IRS by a third party that provide information regarding a taxpayer's possible tax liability." *Id.* ¶ 17. An example is a Form 1099-INT from a bank to report interest paid. *See id.* The Pay Master File "includes information regarding disclosures made by the IRS of taxpayer information protected by the Privacy Act." *Id.* ¶ 19. TIF "includes information regarding active taxpayer accounts," meaning that "the taxpayer's liability for that year has not been resolved or was recently resolved." *Id.* ¶ 22.

C. Request No. F10256-0030 dated August 24, 2010

Plaintiff's first FOIA request is seven pages long and lists dozens of items of interest. *See generally* Def.'s Mem. of P. & A. in Supp. of its Mot. to Dismiss In Part and for Summ. J. [ECF No. 11] ("Def.'s First Mot."), Decl. of Mark G. Spiry ("First Spiry Decl."), Ex. A (FOIA/Privacy Act Request dated August 24, 2010).[2] Relevant to this discussion are the following paragraphs of the request:

---

[2] Request No. F10256-0030 is practically identical to plaintiff's second and fourth FOIA requests. *See* Def.'s First Mot., Decl. of Alan W. Young ("Young Decl."), Ex. A (FOIA/Privacy Act Request dated September 9, 2010); *see id.*, Decl. of Nanette Beamon ("First Beamon Decl."), Ex. A (FOIA/Privacy Act Request dated September 9, 2010). The IRS deemed the second request (Request No. F11292-0022) "imperfect because it omitted a search year" and thus failed to adequately identify the records requested. *Id.*, Young Decl. ¶ 7. Notwithstanding the request's lack of specificity, a staff member conducted an "IDRS search and review of the case F10256-0030 file [and] determined that the [IRS] does not possess any records responsive to Plaintiff's September 9, 2010 request . . . ." *Id.* ¶ 6. The fourth request (Request No. F11349-

11. Please, send copies of my permanent administrative file, identified as IRS/IMS System of Record 24.030, specific Transcript.

12. Please send copies of my OFFICIAL INTERNAL REVENUE SERVICE NON-MASTER FILE TRANSCRIPT . . . .

13. Please, send a copy of the Official IRS Non-Master File and Comments Field maintained in a system of records known as the Integrated Data Retrieval System, Treasury/IRS 34.018, which pertain to me . . . .

15. Please, provide requester with MFTRA-X for [blank] to the present. It is my desire to receive both the "raw" coded IMF transcript and the MFTRA-X.

16. Please, provide requester with copies of documents found in the system of records identified as Treasury/IRS 42.008 and known as "Audit Information Management System (AIMS)" which pertain to requester . . . .

5. Please, send a copy of all documents found in the system of records known as Treasury/IRS 22.061, "Wage and Information Returns Processing (IRP) File" which pertain to requester . . . .

7. Please, send a copy of all Substitutes for Return (SFRs) pertaining to requester . . . .

11. Please, send me a copy of the Collection Case File found in the System of Records known as Treasury/IRS 22.012 that pertains to requester . . . .

13. Please, provide requester with copies of all statutory Notice of Deficiencies.

14. Please, provide requester with copies of all liens and levies.

15. Please, send me a copy of records found in the Taxpayer Delinquent Account (TDA) files in the system of records known as Treasury/IRS 26.019 . . . .

7. Please, provide me a copy of information available in the system of records known as Disclosure Records, Treasury/IRS 48.001, indicating any disclosures to the (your state) Dept[.] of Revenue pertaining to requester . . . .

8. Please, provide me a copy of information available in the system of records known as Disclosure Investigation Files, Treasury/IRS 60.004, indicating any disclosures to the (your state) Dept[.] of Revenue pertaining to requester . . . .

---

0040) was interpreted as one "for complete IDRS transcripts from 1960 to the present year and all Non-Master File (NMF) information for [plaintiff's] social security number." *Id.*, First Beamon Decl. ¶ 5. Searches of IDRS and NMF yielded no responsive records. *See id.* ¶¶ 6-9; *see* Def.'s Mem., Second Decl. of Nanette Beamon ¶¶ 5-13. The declarations submitted with respect to Request No. F10256-0030 are the most comprehensive, and the Court has focused on them.

> 22. Please, send a copy of all documents in the Business Master File (BMF) found in the System of Records known as Treasury/IRS 24.046 pertaining to requester . . . .

First Spiry Decl., Ex. A at 2-5, 7 (page and paragraph numbers designated by plaintiff) (emphasis in original). Plaintiff also sought records maintained in litigation and criminal investigation databases. *See id.*, Ex. A at 6-7. IRS staff construed the request as one seeking "records that relate to [plaintiff's] tax liabilities, the tax liabilities of an associated business entity, as well as records that relate to actions performed by the IRS (e.g., audit, tax collection, or criminal examination) with respect to himself or the associated entity." Second Spiry Decl. ¶ 4.

The search began using plaintiff's SSN and the command code INOLES (National On Line Entity) to confirm that the SSN provided by plaintiff "matches his name and to determine if there was a cross reference in the [IMF] to a spouse or business entity." *Id.* ¶ 27a; *see* First Spiry Decl. ¶ 7a. The name and SSN matched, and there was no cross-reference to a spouse or business entity. Second Spiry Decl. ¶ 27a.

Variations of the command code IMFOL (Individual Master File On-Line) in conjunction with plaintiff's SSN were used to search for (1) an index of accounts and tax modules on the computer database portion of the IMF (IMFOLI) and on microfilm (IMFOLV); (2) indicators and codes for actions that may not have appeared in other searches because they are rare or used in special circumstances (IMFOLE); and (3) audit information (IMFOLZ). *Id.* ¶ 27b.; First Spiry Decl. ¶¶ 7a-7d. No responsive records were located in the IMF. Second Spiry Decl. ¶ 27b.

Next, using command code SUMRY, staff searched the Taxpayer Information File, which maintains "information regarding active taxpayer accounts," for "summary account information for tax years with data in the [TIF]" that may not have been found in the IMF. *Id.* ¶

27c.  None was located.  *Id.*  A search for audit records using command code AMDIS determined that the IRS had not ever audited plaintiff.  *Id.* ¶ 27d.

Moving on to the Wage and Information Returns Processing File and using command code IRPTR, "which stands for information returns processing transcript requests," *id.* ¶ 30, the search "returned . . . three information returns for Plaintiff's SSN: a 2008 Form 1098-T, a 2008 1099-C, and a 2009 1098-T," all "relate[d] to Plaintiff's education expenses."  *Id.* ¶ 31.  Plaintiff could obtain these records "using routine procedures under 26 C.F.R. § 601.702(d)," and the IRS declined to release them in response to the FOIA request.  *Id.*  Because plaintiff did not file income tax returns for 2008 and 2009 and the IRS did not prepare substitutes for returns which may have resulted in a tax liability for plaintiff, *id.* ¶ 32, there was "no information regarding a substitute for return to Plaintiff."  *Id.*

IRS interpreted plaintiff's request for "Disclosure Records" and "Disclosure Investigation Files" as a request for information on "disclosures by the IRS . . . to a state department of revenue."  *Id.* ¶ 33.  Using IDRS and the command code PATRAD (Privacy Act Transcript Request Activity), the "search revealed that the IRS has not disclosed information about Plaintiff."  *Id.* ¶ 34.

Information from the NMF cannot be accessed using IDRS.  *Id.* ¶ 28.  Rather, the request was referred to "the Automated Non-Master File (ANMF) Group [whose staff members were] asked to search for those records."  *Id.*  That search "determined that there was no data related to Plaintiff."  *Id.* ¶ 29; First Spiry Decl. ¶ 12; Second Beamon Decl. ¶ 12.  Thus, with respect to plaintiff's request for information about himself, the agency's searches yielded "no record of any account or tax module related to [him], meaning that the Individual Master File has no record

that he has ever filed an individual tax return or that the IRS has taken any actions related to [him]." *Id.* ¶ 26.

Lastly, with respect to plaintiff's request for information in the Business Master File, no search was conducted. In order to search the BMF, one must have an EIN or other information to identify the corporate entity, Second Beamon Decl. ¶ 7, and plaintiff provided none. Second Spiry Decl. ¶ 24.

### D.  Request No. F11349-0040 dated December 23, 2010

Dissatisfied with the IRS' response to Request No. F11292-0022, plaintiff filed another request "for copies of [his] master file and non-master file." Def.'s First Mot., Decl. of Betsy B. McGehee, Ex. A (Freedom of Information Act Request dated December 23, 2010). The request was deemed "imperfect" for its failure to "describe the records being sought with reasonable sufficiency," to include a Social Security number, and to agree to pay fees for searching, reviewing, and copying documents. *Id.* ¶ 4.

### E.  Request No. F11160-0008 dated May 16, 2011

In plaintiff's last FOIA request, apparently in an effort to address the deficiencies of Request No. F11349-0040, he expressly agreed to pay fees. *See* Def.'s First Mem., Decl. of Marian O. Hale, Ex. A (Freedom of Information Act Request dated May 16, 2011) ¶ 1. IRS staff construed the request as one "for copies of Plaintiff's Individual Master File (IMF), Non-master File (NMF), and Business Master File (BMF) transcripts." Hale Decl. ¶ 7. A search of IDRS using plaintiff's name and Social Security numbers as search terms yielded no responsive records in the IMF or NMF. *Id.* ¶¶ 8-9, 12. Because plaintiff provided no EIN, staff did not search for BMF transcripts. *Id.* ¶ 11.

## II. DISCUSSION

The Court grants summary judgment if the movant shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Summary judgment is available to a defendant in a FOIA case if the agency proves that it has fully discharged its obligations under the FOIA." *Greenberg v. U.S. Dep't of the Treasury*, 10 F. Supp. 2d 3, 11 (D.D.C. 1998) (citations omitted). "When, as here, an agency's search is questioned, the agency is entitled to summary judgment upon a showing, through declarations that explain in reasonable detail and in a nonconclusory fashion the scope and method of the search, that it conducted a search likely to locate all responsive records." *Brestle v. Lappin*, 950 F. Supp. 2d 174, 179 (D.D.C. 2013) (citing *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982)).

Plaintiff's sole objection to the IRS' searches stems from what he perceives as the agency's failure to understand the nature of his requests. He explains that "the artificial, de facto corporate entity DOUGLAS WILLIAM HYSELL and/or DOUGLAS W. HYSELL is registered with the [IRS]," and that this entity has "registered as a taxpayer with a Taxpayer Identification Number, which happens to be the entity's Social Security Number." Pl.'s Opp'n at 4. He faults the IRS for its failure to "look for records pertaining to the de facto corporate entity spelled with all-capital-letters as [he] requested," and "instead looked for . . . records for Douglas William Hysell and/or Douglas-William:Hysell the natural, sentient, real flesh-and-blood human being/Man." *Id.* at 2. Neither assertion withstands summary judgment.

None of plaintiff's FOIA requests makes clear that DOUGLAS WILLIAM HYSELL purports to be a corporate entity distinct from the requester. The IRS is not obliged to go beyond the four corners of the request to divine its meaning, particularly where, as here, each of

plaintiff's requests was reasonably interpreted as one for information about plaintiff himself. *See Kowalczyk v. Dep't of Justice,* 73 F.3d 386, 389 (D.C. Cir. 1996) (holding that agencies must follow "clear and certain" leads for responsive records that are contained within "the four corners of the request"). Furthermore, plaintiff has not provided an EIN or TIN for DOUGLAS WILLIAM HYSELL, and without this information no information about a corporate entity can be accessed through IDRS.

The IRS has met its burden "by submitting reasonably detailed, nonconclusory affidavits describing its efforts" to locate records responsive to plaintiff's FOIA requests, *Baker & Hostetler LLP v. U.S. Dep't of Commerce,* 473 F.3d 312, 318 (D.C. Cir. 2006), and accordingly, its motion for summary judgment will be granted.[3]

An Order accompanies this Memorandum Opinion.

Signed this 9th day of April, 2014.

        /s/
        RICHARD W. ROBERTS
        Chief Judge
        United States District Court

---

[3] Plaintiff does not challenge the methods by which IRS conducted its searches for information about Douglas William Hysell, and the Court treats the IRS's motion as conceded on these points. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries,* 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").